# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| NICOLE C. HENDERSON,<br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration,<br>    Defendant. | CAUSE NO.: 2:18-CV-76-JEM |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Nicole C. Henderson on February 21, 2018, and an Opening Brief [DE 15], filed June 28, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On July 12, 2018, the Commissioner filed a response, and on September 10, 2018, Plaintiff filed a reply.

### I.  Background

On June 25, 2014, Plaintiff filed an application for benefits alleging that she became disabled on July 30, 2013. Plaintiff's application was denied initially and upon reconsideration. On February 15, 2017, Administrative Law Judge ("ALJ") Michelle Whetsel held a hearing at which Plaintiff, with an attorney representative, and a vocational expert ("VE") testified. On March 22, 2017, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant has not engaged in substantial gainful activity since June 25, 2014, the application date.

2. The claimant has the following severe impairments: anxiety, depression, bipolar disorder, posttraumatic stress disorder (PTSD), hypothyroidism, and borderline diabetes.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity to perform a full range of medium work, as that term is described in 20 CRF 416.967(c) except that: she can frequently climb ramps, stairs, ladders, ropes, or scaffolds, and can frequently balance, stoop, kneel, crouch and crawl; she can remember and follow simple, but not detailed, instructions; she can perform assigned tasks, but not always at a production rate pace, but can meet the end of day work goals; she can have occasional contact with coworkers, supervisors, and the general public; and she can occasionally adapt to rapid changes in the workplace.

5. The claimant is unable to perform any past relevant work.

6. The claimant was 35 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 25, 2014, the date the application was filed.

The Appeals Council did not take jurisdiction of the claim, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the Agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v.*

*Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ's decision should be remanded because it is not supported by substantial evidence. Specifically, Plaintiff challenges the ALJ's subjective symptom analysis, the weight assigned to treating physician Dr. Varghese, and the residual functional capacity (RFC) finding. The Commissioner argues that substantial evidence supports the ALJ's decision.

"A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Gudgel*, 345 F.3d at 470 (citing 20 C.F.R. § 404.1527(d)(2)); *see also Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) ("While the

4

ALJ is right that the ultimate question of disability is reserved to the Commissioner, a treating physician's opinion that a claimant is disabled 'must not be disregarded.'") (quoting SSR 96–5p, 1996 WL 374183, at *5 (July 2, 1996)) (citing 20 C.F.R. § 416.927(e)(2)); *Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it.").

The ALJ noted that Dr. Varghese's opinions "are within the purview of his expertise and generally consistent with the record as a whole." AR 22. However, the ALJ discounts the opinions because they "appear[] to be based primarily on the claimant's self-reported subjective complaints rather than any objective observations." *Id.* The ALJ found that Plaintiff has, at times, been noted to be cooperative, to display normal behavior, to demonstrate at least fair insight and judgment, and to have a logical thought process.

This treatment of Dr. Varghese's opinions is problematic for multiple reasons. First, "a psychological assessment is by necessity based on the patient's report of symptoms and responses to questioning . . . ." *Aurand v. Colvin*, 654 F. App'x 831, 837 (7th Cir. 2016); *accord Bainter v. Colvin*, No. 13 C 9105, 2015 WL 5177754 at *8 (N.D. Ill. Sept. 2, 2015). Second, though the ALJ cites generally to large exhibits in the evidence to support specific "normal" capacities in particular areas of mental health, the ALJ builds no bridge between this evidence and her conclusions that Dr. Varghese's opinion is not entitled to controlling weight and is only entitled to some weight. The ALJ does not indicate which limited functional ability opined by Dr. Varghese the ALJ considers to be inconsistent with each mental health characteristic that she cites. It can be consistent for a person to have extensive limitations due to mental impairments and to also have normal findings in other

5

mental health areas. A mental impairment does not necessarily affect every aspect of a person's mental functioning. Third, there is nothing in the record to suggest that Dr. Varghese based his opinions on Plaintiff's reports and did not instead rely on his own clinical observations in forming his medical opinions. *See Seuss v. Colvin*, 945 F. Supp. 2d 920, 933-34 (N.D. Ill. 2013).

Thus, the ALJ has not articulated sufficient analysis for finding Dr. Varghese's opinions to be either not well supported by medical findings or inconsistent with other substantial evidence in the record. This case must be remanded for a new determination of the amount of weight to give Dr. Varghese's opinions.

Plaintiff also argues that the ALJ erred in analyzing Plaintiff's subjective symptoms. When determining a claimant's subjective symptoms, the ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 416.1529(a); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). A finding of disability cannot be supported by subjective allegations of disabling symptoms alone. *Id.* Instead, the ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the factors listed in 20 C.F.R. § 416.929(c)(3). The ALJ is not permitted to

> make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." It is also not enough for [ALJs] simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain *specific reasons* for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the [ALJ] evaluated the individual's symptoms.

SSR 16-3p 2017 WL 5180304 at *9 (emphasis added).

Here, the ALJ recounted Plaintiff's testimony and reports of subjective symptoms and noted medical evidence in the record. The ALJ then concluded that Plaintiff's statements of the effects of

her symptoms are not entirely consistent with the evidence of record. Missing, however, is any analysis of which allegations of subjective symptoms the ALJ rejected and the reasons for which they were rejected, such as which pieces of evidence are inconsistent with each rejected allegation. Without specific reasons, the Court is unable to assess how the ALJ evaluated Plaintiff's symptoms. This lack of analysis provides an independent ground for remand.

Also well taken is Plaintiff's argument that the ALJ failed to consider Plaintiff's carpal tunnel syndrome. A rheumatologist diagnosed Plaintiff with bilateral carpal tunnel syndrome. AR 1536; *accord* AR 50. The ALJ rejected Plaintiff's allegations of carpal tunnel syndrome on the basis that no problems with hand usage were noted at Plaintiff's initial interview at the field office and because "claimant has demonstrated intact strength and sensation." *Id.* at 18. However, the individual who performed the initial interview is given the title "Ms." without any other indication that the interviewer is a medical professional or has any medical training. *Id.* at 206. There is no indication that Plaintiff would have been required to use her hands at this initial interview in a way that would have revealed the extent of her limitations due to carpal tunnel syndrome. Additionally, the "intact strength and sensation" noted in the record comes from a physical examination taken in a hospital emergency department. *Id.* at 1376. This notation is not narrowed to any one particular part of Plaintiff's body, and Plaintiff's reason for reporting to the emergency department was abdominal pain. *Id.* at 1373. These two pieces of the record cited by the ALJ in support of rejected carpal tunnel syndrome as a severe impairment do not provide the substantial evidence necessary to uphold the ALJ's decision. This is a third independent basis for remand.

In light of the errors already noted, further analysis of the remaining arguments is not warranted.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the Opening Brief [DE 15] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 25th day of January, 2019.

                                            s/ John E. Martin
                                            MAGISTRATE JUDGE JOHN E. MARTIN
                                            UNITED STATES DISTRICT COURT

cc:     All counsel of record